IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
Plaintiff,

vs. No. 6:97-CR-010026-JTM-1

DOMINIC PEARSON,
Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Dominic Pearson's Motion for Judicial Notice Pursuant to Rule 201, filed on August 10, 2018 (Dkt. 321). Although styled as a motion for the court to take judicial notice pursuant to Federal Rule of Evidence 201, Defendant's motion goes a step further by requesting that the Court order an evidentiary hearing to allow Defendant to obtain sworn testimony from certain Assistant United States Attorneys regarding their oaths of office. The Court declines Defendant's request to take judicial notice as well as his additional request to compel the United States to respond at an evidentiary hearing. Defendant's motion does not present facts that are appropriate for judicial notice. Further, even if Defendant presented a meritorious request for judicial notice, this Court lacks jurisdiction to address Defendant's arguments.

Federal Rule of Evidence 201 provides that a court may take judicial notice of an adjudicative fact that is "not subject to reasonable dispute," when that fact is either generally known within the court's jurisdiction, or can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." 28 U.S.C. § 201(b). An adjudicative fact concerns an immediate party to the case and answers the questions who, what, when, where, how, and with what motive or intent the party acted. *U.S. v. Gould*, 536 F.2d 216, 219 (8th Cir. 1976)

(quoting 2 K. Davis, Administrative Law Treatise § 15.03, at 353 (1958)). Adjudicative facts are the type of facts that would be presented to a jury in a jury trial. *Id.* Adjudicative facts can be contrasted with legislative facts, which do not concern the immediate parties to the case and "are established truths, facts or pronouncements that do not change from case to case but apply universally." *Id.* at 220.

With respect to Defendant's motion, the "fact" that Defendant proposes is appropriate for judicial notice concerns his allegation that Assistant United States Attorneys Welch, Abrams, and Coppedge, who were involved in the prosecution of Defendant's case, have not properly renewed their Appointment Affidavits or Oaths of Office as Defendant claims is required under Article 2, Section 2, Clause 2 of the United States Constitution. Whether attorneys Welch, Abrams, and Coppedge were properly appointed does not relate to any of the immediate parties of Defendant's case, nor does it address who, what, when, where, how, or with what motive or intent. It is not a fact that would be presented to a jury in the course of a jury trial. The appointment of an Assistant United States Attorney is a legislative fact because it is an established fact that does not change from case to case. The proper admission of attorneys Welch, Abrams, and Coppedge to the bar as well as the status of their Appointment Affidavits and Oaths of Office is therefore not an adjudicative fact subject to judicial notice pursuant to Rule 201.

Notwithstanding this Court's ability to take judicial notice of the appointment of attorneys Welch, Abrams, and Coppedge, this Court is without jurisdiction to consider Defendant's claims. Defendant cites *United States v. Quiel*, 2017 WL 8941231 at *12 (D. Ariz. June 6, 2017) for his proposition that an appointment pursuant to Article 2, Section 2, Clause 2 of the United States Constitution is a prerequisite to function as an Assistant United States Attorney. The movant in *Quiel*, like Defendant here, challenged his criminal conviction on the grounds that the members of

the United States Attorney's office who prosecuted his case had not been properly appointed. *Id.* at *13. The District Court rejected that argument, finding that because the movant's arguments concerned defects in the prosecution of the matter, those arguments should have been raised in a pre-trial motion pursuant to Federal Rule of Criminal Procedure 12(b)(3). *Id.*

Federal Rule of Criminal Procedure 12(b)(3) requires certain defenses and objections to be raised by pretrial motion "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Those defenses and objections include defects in the institution of the prosecution or defects in the indictment or information. Fed.R.Crim.P. 12(b)(3)(A)-(B). A challenge to the proper appointment of an Assistant United States Attorney is a challenge based on either a defect in the institution of a prosecution or a defect in the indictment or information that must be raised by pretrial motion. *See U.S. v. Suescun*, 237 F.3d 1284, 1286-87 (11th Cir. 2001).

Defendant here has identified no reason why his argument concerning the appointment of the prosecutors on his case was not reasonably available to him prior to his trial. Further, a ruling on the issues raised in Defendant's motion would not require a trial on the merits of his case. Defendant has consequently waived his objections to prosecution based upon the appointment of the prosecutors because he failed to raise those arguments in a 12(b)(3) pretrial motion. *Id.*; *see also U.S. v. Coppola*, 526 F.2d 764, 772-73 (10th Cir. 1975) ("'a motion to dismiss an indictment based upon the presence of an unauthorized person before the grand jury must be made prior to trial or it is waived.'" (quoting *United States v. Crispino*, 39 F.Supp. 764, 783 (S.D.N.Y. 1975)).

Finally, even if Defendant's arguments were factually correct and properly before the Court, relief would be inappropriate because "[a]n appointment of a United States Attorney that is not made as provided by the Appointments Clause does not affect the government's power to

3

prosecute." *U.S. v. Suescun*, 237 F.3d at 1287. "[D]eciding what agent should represent the United States in a criminal proceeding is primarily a question for the Executive Branch. To the extent that the Attorney General's answer to that question is subject to judicial supervision or control, the court's power to regulate the attorneys who appear before it does not affect the court's jurisdiction over the underlying prosecution." *U.S. v. Fitzhugh*, 73 F.3d 1326, 1330 (8th Cir. 1996).

Defendant's request, while framed as a request for this Court to take judicial notice, is really a challenge to the government's authority to have prosecuted this matter. Defendant's arguments concerning the prosecution were waived when Defendant failed to raise them prior to trial pursuant to Fed.R.Crim.P. 12(b)(3). Moreover, Defendant's allegations, even if true, would not have destroyed this Court's jurisdiction to hear and determine the case. As Defendant has failed to set forth a proper claim of judicial notice under Federal Rule of Evidence 201 and has failed to set forth any other valid claim for relief, his request for an evidentiary hearing and his Motion for Judicial Notice Pursuant to Rule 201 are DENIED.

IT IS SO ORDERED.

Dated this 21st day of August, 2018, in Wichita, Kansas.

/s/ J. THOMAS MARTEN
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT