IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
Plaintiff,

vs.                                            No. 6:97-CR-010026-JTM-1

DOMINIC PEARSON,
Defendant.

**MEMORANDUM AND ORDER**

On August 21, 2018, the Court entered a Memorandum and Order (Dkt. 322) denying Defendant Dominic Pearson's Motion for Judicial Notice Pursuant to Rule 201 (Dkt. 321). This matter is again before the court on defendant's Motion to Reconsider[1] (Dkt. 323), filed September 7, 2018. Defendant argues that the court's prior order was legally incorrect and based on an improper bias in favor of counsel for the United States of America.

The Federal Rules of Criminal Procedure do not contemplate motions for reconsideration. But, the Supreme Court does, recognizing in criminal proceedings the "'wisdom of giving district courts the opportunity promptly to correct their own alleged errors." *U.S. v. Randall*, 666 F.3d 1238, 1241-42 (10th Cir. 2011) (quoting *U.S. v. Dieter*, 429 U.S. 6, 8, 97 S.Ct. 18, 50 L.Ed.2nd 8 (1976)). The Tenth Circuit has recognized that criminal defendants can move for reconsideration. *Id.* at 1242 (citing

---

[1] Defendant has alternately styled his Motion as a Notice of Appeal, which has been docketed by the 10th Circuit Court of Appeals as Appeal No. 18-3191. The 10th Circuit has abated the appeal pending this Court's ruling on the instant Motion for Reconsideration by way of an Order dated September 17, 2018.

*U.S. v. Miller*, 869 F.2d 1418, 1421 (10th Cir. 1989)). District of Kansas Local Rule 7.3(b) allows a party to file a motion asking a judge to reconsider a non-dispositive order, provided that the motion is based on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b).

The court exercises its discretion to construe defendant's motion as a motion for reconsideration of a non-dispositive order pursuant to D. Kan. Rule 7.3(b). *See Been v. O.K. Indus.*, 495 F.3d 1217, 1225 (10th Cir. 2007) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."). District of Kansas Local Rule 7.3(b) sets forth the standard for this court's consideration of defendant's motion, and mirrors the standard set forth in *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."). Consequently, defendant may be entitled to relief if he shows an intervening change in the law regarding his motion for judicial notice, new evidence previously unavailable to him when he filed his motion for judicial notice, or a need to correct a clear error or prevent manifest injustice.

Defendant does not claim that any change in law or newly discovered evidence supports his Motion for Reconsideration. Rather, he argues that this court erred in its conclusion that his Rule 201 motion was "time-barred." (*See* Dkt. 323 at 1). Defendant argues that a motion based upon subject-matter jurisdiction cannot be

time-barred. Defendant's original position, however, was that the United States Attorneys who prosecuted his case were not properly appointed. As this court noted in its Memorandum and Order (Dkt. 322 at 3), he complains of a defect in the prosecution of the case, which must be raised by pretrial motion "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(A)-(B).

Not only did defendant waive his argument by failing to present it before trial, his claim does not affect the court's subject-matter jurisdiction over the case. The improper appointment of a United States Attorney under the Appointments Clause affects neither the government's power to prosecute nor the court's jurisdiction over the the case. *See U.S. v. Suescun*, 237 F.3d 1284, 1287 (11th Cir. 2001) (the "appointment of a United States Attorney that is not made as provided by the Appointments Clause does not affect the government's power to prosecute."); *U.S. v. Fitzhugh*, 73 F.3d 1326, 1330 (8th Cir. 1996) ("the court's power to regulate the attorneys who appear before it does not affect the court's jurisdiction over the underlying prosecution.").

Defendant has not offered any contrary authority. Although defendant cites *Lucia v. Securities and Exchange Commission*, __ U.S. __, 138 S.Ct. 2044 (2018), *Lucia* dealt with the appointment of administrative law judges within the SEC, not the appointment of assistant United States Attorneys. 138 S.Ct. at 2049 ("[t]his case requires us to decide whether administrative law judges … of the Securities and Exchange Commission … qualify as ["Officers of the United States"]."). The Supreme

Court held that administrative law judges are "Officers of the United States," such that their appointment must be made by the President, the courts, or the head of a department. *Id.* at 2051, 2055. In contrast, not only did *Lucia* fail to address the appointment of United States Attorneys, but the only evidence defendant offered in support of his original Rule 201 Motion was a copy of an Appointment Affidavit showing that Lanny D. Welch, United States Attorney, was appointed to that position on September 4, 2009 by United States District Judge Eric F. Melgren. (Dkt. 321, at 9).

Defendant has not demonstrated that the court committed a clear error of law when it denied his motion. Nor has defendant demonstrated any manifest injustice in this court's decision. Defendant contends that the court engaged in a "quest to 'protect' the Government's attorneys" and "denied the Movant his right to due process of law" by failing to address the court's subject-matter jurisdiction. (Dkt. 323, at 2). As indicated above, however, even if defendant's argument concerning the invalid appointment of the prosecutors on his case were true, precedent dictates those appointments would not have affected either the government's power to prosecute or this court's jurisdiction over the case. Ultimately, defendant offers nothing to show an improper bias on the part of this court other than the fact that the court did not rule in his favor.

The Court recognizes defendant's right to seek reconsideration of the Court's prior order, but defendant has failed to meet the standard necessary for this court to

revisit its prior decision. Defendant's Motion for Reconsideration is therefore DENIED.

IT IS SO ORDERED.

Dated this 25th day of October, 2018, in Wichita, Kansas.

/s/J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT